In the Matter of the Petition of CARLETON F. BAIN and ROBERT F. COPELAND to Prove a Paper Writing as the Last Will and Testament of WILLIAM V. BREENE, Deceased. CARLETON F. BAIN and ROBERT F. COPELAND, as Executors Named in the Last Will and Testament of WILLIAM V. BREENE, Deceased, Respondents; GRACE E. FOYE, Appellant.— Appeal by contestant from a decree of the Surrogate's Court, Westchester county, admitting a script to probate as the last will and testament of the decedent and from an order denying her motion to set aside the verdict, as directed, and for a new trial. Decree and order unanimously affirmed, with costs, payable to the respondents out of the estate. The evidence did not disclose a situation from which any presumption of inequality arose. There was no evidence adduced which would warrant a submission to a jury of an issue of restraint, undue influence or fraud. (*Cowee* v. *Cornell*, 75 N. Y. 91, 99; *Matter of Henderson*, 253 App. Div. 140, 145; *Matter of Streb*, 247 id. 556; *Matter of Springsted*, 55 Hun, 603; 8 N. Y. Supp. 596.) Present — Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ.

In the Matter of the Application of THE CITY OF NEW YORK, Acting for and on Behalf of the NEW YORK CITY HOUSING AUTHORITY, Relative to Acquiring Title to and Possession of Certain Lands and Premises That Are Not Owned by the City of New York, Situated in the Area Bounded by Dwight Street, Verona Street, West 9th Street, Clinton Street, Lorraine Street and Otsego Street, in the Borough of Brooklyn, County of Kings, City of New York, Pursuant to a Project, Plan or Undertaking Determined upon by the New York City Housing Authority and Approved According to Law. HEN-BUS REALTY AND HOLDING CO., INC., and MICHAEL SAMUELS, INC., Appellants; THE CITY OF NEW YORK, Respondent.— Appeals from a final decree in a proceeding in condemnation in so far as it made awards for Damage Parcels K-2 to K-10-11, both inclusive. Final decree, in so far as appealed from, modified so as to provide that the awards for Damage Parcels K-6 to K-10 and 11, both inclusive, be increased to $9,500 each, and, as so modified, unanimously affirmed, with one bill of costs to the appellants. The Special Term made an award of $8,500 each for Damage Parcels K-6 to K-10-11. This was $500 more than the award for each of Damage Parcels K-2, K-3 and K-4. The buildings on the three latter parcels on Henry street were four stories high and were not available for occupancy because of their condition, while the five-story buildings on Bush street were so available because they had been repaired and violations thereon removed. The Bush street buildings were one story higher than the Henry street buildings. The Special Term in its awards apparently did not take into consideration the better condition of the Bush street buildings as compared with the Henry street buildings when it made its award but $500 greater than that given to the Henry street damage parcels. The land value of the Bush street parcels was less than that of the Henry street parcels but that factor, when considered with the better condition of the Bush street buildings, required a greater difference in the award; hence the increase of $1,000 on each parcel. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.